GRANNISS et al. v. McLEAN AUTOMOBILE CO.

(Supreme Court, Appellate Term.  June 29, 1909.)

1. PLEADING (§ 121*)—ACTIONS FOR RENT—DEFENSES—FRIVOLOUS DEFENSES.
    In an action for rent of a building leased and occupied by defendant, an answer denying that defendant has any knowledge or information to form a belief as to the allegations was frivolous.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245, 246; Dec. Dig. § 121.*]

2. EVIDENCE (§ 459*)—PAROL EVIDENCE AFFECTING WRITINGS—IDENTIFICATION OF PARTIES.
    In an action for rent of a building leased to defendant under a written lease executed by the G. estate as lessor, plaintiffs could show that they represented the estate.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1906–1911, 2109–2114; Dec. Dig. § 459.*]

3. EVIDENCE (§ 415*)—PAROL EVIDENCE SUSTAINING WRITTEN INSTRUMENT—AUTHORITY TO EXECUTE.
    In an action for rent due under a written lease executed by a certain estate as lessor, plaintiffs could show that the executor of the estate had power to execute the lease.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1873; Dec. Dig. § 415.*]

Appeal from City Court of New York, Trial Term.

Action by George H. Granniss and others against the McLean Automobile Company.  From a judgment for plaintiffs, and an order denying a motion for new trial, defendant appeals.  Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Alfred R. Bunnell, for appellant.
Henry L. Bogert, for respondents.

MacLEAN, J.  Under a written lease, dated August 7, 1906, the defendant hired two stores in 1604 and 1606 Broadway for two years and a month from September 1, 1906, at $2,700, payable in advance monthly installments, $225, which it paid until July 1, 1908, whereafter it paid nothing.  In September this action was brought for the rental of the last three months of the term, $675, with interest, to which the defendant answered with the frivolous denial "that it has any knowledge or information to form a belief as to the allegations," and with allegations of three separate defenses:  (1) Of damages by fire, which was extinguished on demurrer; (2) that the lessor agreed, in consideration of the execution and delivery of the lease and as a condition precedent thereto, that the defendant should have the right and privileges of the roof for advertising purposes, but at the time of delivery of the lease repudiated the agreement, evidence of which alleged defense was properly excluded, as tending to vary the written instrument expressing the agreement of the parties; and (3) that the plaintiff negligently allowed the roof to become out of repair and leak, by reason whereof the defendant had to expend time and labor in cleaning its automobiles and parts, evidence whereon was excluded,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

because damages suffered from tort may not be proven in an action for rent.

Objections were bootlessly made to proof identifying the plaintiffs with the collective landlord named in the lease, "the Granniss Estate," and that Robert A. Granniss, executor, had power to execute the lease. At the close of the case the learned trial justice could only direct a verdict for the plaintiffs and against the defendant, whose secretary had verified, and whose attorney had drawn and put in, a pleading discreditable to layman and lawyer. The judgment and order should be affirmed.

Judgment and order affirmed, with costs.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.